# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| Robin Reis<br>Upper Marlboro, Maryland<br>Prince George's County<br><br>    Plaintiff,<br><br>v.<br><br>Nationwide Credit Corporation<br>Alexandria, Virginia<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Robin Reis, ("Robin"), is a natural person who resided in Upper Marlboro, Maryland, at all times relevant to this action.

2. Defendant, Nationwide Credit Corporation, ("NCC"), is a Virginia Corporation that maintained its principal place of business in Alexandria, Virginia, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

*Of Counsel*
Daniel A. Staeven, Esq.
9250 Rumsey Rd. #101
Columbia, MD  21045
Phone: 443-718-4215
Email: Dstaeven@staevenlawsite.com
MD Bar No. 27662

1

## STATEMENT OF FACTS

5. NCC uses a predictive dialer system.

6. Before NCC began contacting Robin, it and Robin had no prior business relationship and Robin had never provided express consent to NCC to be contacted on her cellular telephone.

7. NCC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of NCC's revenue is debt collection.

9. NCC is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, NCC contacted Robin to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Robin is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, NCC willingly and knowingly used an automatic telephone dialing system to call Robin on her cellular phone multiple times in violation of the TCPA.

14. Around January 2014, NCC began contacting Robin on Robin's cellular phone in an attempt to collect a debt.

15. During one communication, around July 2014, Robin communicated her desire that NCC cease further calls to Robin.

16. Despite this request, NCC continued to call Robin on Robin's cellular phone in connection with the collection of the debt including as recent as around July 2014.

*Of Counsel*
Daniel A. Staeven, Esq.
9250 Rumsey Rd. #101
Columbia, MD  21045
Phone: 443-718-4215
Email: Dstaeven@staevenlawsite.com
MD Bar No. 27662

17. On more than one occasion, Robin communicated her desire that NCC cease further calls to Robin.

18. NCC's policy and practice is that when a consumer verbally asks NCC to stop calling, NCC disregards that request as if it had not been made.

19. NCC's policy and practice is that when a consumer verbally asks NCC to stop calling, NCC does not record that request in NCC's records related to the debt NCC is seeking to collect from the consumer.

20. In this case, NCC followed the aforementioned policy and practice when Robin requested that NCC stop calling her.

21. NCC's policy and practice violated the FDCPA as to Robin.

22. NCC caused Robin emotional distress.

23. NCC attempted to collect a debt from Robin.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 23 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 23 above as if fully set forth herein.

*Of Counsel*
Daniel A. Staeven, Esq.
9250 Rumsey Rd. #101
Columbia, MD  21045
Phone: 443-718-4215
Email: Dstaeven@staevenlawsite.com
MD Bar No. 27662

3

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 23 above as if fully set forth herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 23 above as if fully set forth herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

*Of Counsel*
Daniel A. Staeven, Esq.
9250 Rumsey Rd. #101
Columbia, MD  21045
Phone: 443-718-4215
Email: Dstaeven@staevenlawsite.com
MD Bar No. 27662

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By: /s/ Daniel A. Staeven
One of Plaintiff's Attorneys
*Of Counsel*
Daniel A. Staeven, Esq.
9250 Rumsey Rd. #101
Columbia, MD 21045
Phone: 443-718-4215
Email: Dstaeven@staevenlawsite.com
MD Bar No. 27662

Date: January 20, 2015

*Of Counsel*
Daniel A. Staeven, Esq.
9250 Rumsey Rd. #101
Columbia, MD 21045
Phone: 443-718-4215
Email: Dstaeven@staevenlawsite.com
MD Bar No. 27662

5